```
            IN THE UNITED STATES DISTRICT COURT
           FOR THE WESTERN DISTRICT OF TENNESSEE
                       WESTERN DIVISION
```

|  |  |
|---|---|
| ERIC D. PAYNE, | |
| Plaintiff, | |
| vs. | No. 06-2282-B/P |
| OFFICE OF THE DISTRICT ATTORNEY, COBB COUNTY, GEORGIA, et al., | |
| Defendants. | |

```
                     ORDER OF DISMISSAL
       ORDER CERTIFYING APPEAL NOT TAKEN IN GOOD FAITH
                           AND
              NOTICE OF APPELLATE FILING FEE
```

On May 15, 2006, Plaintiff Eric D. Payne, a resident of Memphis, Tennessee, filed a pro se complaint against the Office of the District Attorney for Cobb County, Georgia; the Georgia Department of Human Services, Office of Child Support Enforcement; the Tennessee Department of Human Resources, Child Support Commissioner; and the Department of Family and Children Services for Cherokee County, Georgia. (Docket Entry ("D.E.") 1.) Plaintiff paid the civil filing fee. The Court issued an order on February 14, 2007 directing Plaintiff to show cause, within thirty (30) days, why the action should not be dismissed for lack of subject-matter jurisdiction and to submit an amended complaint. (D.E. 2.)[1] The instructions for the amended complaint were as follows:

---

[1] Plaintiff was instructed that his "response to the order to show cause may take the form of an amended complaint." (Id. at 6.)

> Plaintiff is ORDERED, within thirty (30) days of the date of entry of this order, to submit an amended complaint that complies with Rules 8 and 10 of the Federal Rules of Civil Procedure. The amended complaint must explicitly allege some basis for federal subject-matter jurisdiction. Each claim for relief shall be stated in a separate count that (i) identifies the defendants against whom it is asserted; (ii) sets forth the factual basis for the claim; and (iii) identifies the statute under which the claim arises. Any exhibits to the complaint shall be numbered and shall be referenced by number in the text of the complaint. The amendment must be typed or hand printed on 8½ by 11 inch paper, one side to a sheet. Plaintiff must personally sign the amendment.

(Id. at 7-8.) Plaintiff timely filed an amended complaint on March 14, 2007. (D.E. 3.)

The amended complaint filed by Plaintiff does not substantially comply with the March 14, 2007 order. First, the amended complaint does not "explicitly allege some basis for federal subject-matter jurisdiction" (D.E. 2 at 7-8), as required by Fed. R. Civ. P. 8(a)(1).

Second, each claim for relief is not stated in a separate count that, inter alia, "identifies each defendant against whom it is asserted" and "identifies the statute under which the claim arises." (D.E. 2 at 8.) The amended complaint does not name the defendants, and the claims are not organized into counts. As a result, it is not possible precisely to itemize the claims asserted by Plaintiff. For example, the amended complaint seeks relief for "acts of perjury, entrapment, conspiracy, extortion, racketeering and child negligence" (D.E. 3-1 at 1), but it is not clear whether Plaintiff is seeking to assert state-law tort claims or whether these acts are intended as predicate acts under the Racketeer Influenced and Corrupt Organizations Act ("RICO"), 18 U.S.C. § 1961 et seq.

2

Third, Plaintiff has not fully complied with the requirement that "[a]ny exhibits to the complaint shall be numbered and shall be referenced by number in the text of the complaint." (D.E. 2 at 8.) The four-page amended complaint is accompanied by eighty-seven (87) pages of exhibits, which appear to be numbered.[2] Only a few of the exhibits are referenced in the text of the complaint. Therefore, the amended complaint is subject to dismissal for failure to comply with Fed. R. Civ. P. 8(a) and 10(b).

Moreover, the complaint does not appear to assert a valid claim over which this Court can exercise subject-matter jurisdiction. The February 14, 2007 order set forth the reasons why there is no diversity of citizenship. (D.E. 2 at 3.) A state cannot be sued in a diversity action. Moor v. County of Alameda, 411 U.S. 693, 717 (1973) (a State cannot be a citizen of itself for purposes of diversity jurisdiction); Postal Telegraph Cable Co. v. Alabama, 155 U.S. 482 (1894) (same). Moreover, the "Tennessee Department of Human Services, Child Support Commissioner" is a Tennessee state agency or a Tennessee state official, and, therefore, its presence in the lawsuit destroys diversity jurisdiction. Dyack v. Commonwealth of Northern Mariana Islands, 317 F.3d 1030, 1036 (9th Cir. 2003); Coastal Petroleum Co. V. U.S.S. Agri-Chems., 695 F.2d 1314, 1317 (11th Cir. 1983). This Court does not have subject-matter jurisdiction over any state-law claim for "acts of perjury, entrapment, conspiracy, extortion, racketeering and child negligence." (D.E. 3-1 at 1.) Those claims can be considered in this action only if the complaint asserts some claim

---

[2] It is not clear if the numbers on the exhibits are intended as page numbers or exhibit numbers. If they are page numbers, numerous pages are missing.

over which the federal courts have original jurisdiction. 13B Charles Alan Wright, Arthur R. Miller, Edward H. Cooper & Richard D. Freer, Federal Practice and Procedure § 3567.3 (Supp. 2007) ("The supplemental-jurisdiction statute is not a source of original jurisdiction and a case cannot be brought or removed on grounds of supplemental jurisdiction alone. In other words, there must be a predicate claim that invokes some independent form of federal subject matter jurisdiction, such as federal question or diversity of citizenship jurisdiction, to which a supplemental claim can append.") (footnote omitted).

The only federal statutes cited in the amended complaint are 42 U.S.C. § 1983; some unspecified provision of RICO; and the "FTCA," which presumably means the Federal Tort Claims Act, 28 U.S.C. § 2671 et seq. For the reasons stated in the February 14, 2007 order, the complaint does not state a valid claim under 42 U.S.C. § 1983 or the FTCA as a matter of law. (D.E. 2 at 3-4.)

As for Plaintiff's RICO claim, the February 14, 2007 order notes that the original complaint "does not specify any particular provision of RICO" (id. at 4), and sets forth the reasons why the original complaint could not properly be construed to assert a claim under 18 U.S.C. § 1962(c) (id. at 4-6) or 18 U.S.C. § 1962(b) (id. at 6 n.3). The amended complaint refers generally to the RICO statutes, again without citing any particular provision (D.E. 3-1 at 1), and does not attempt to correct the pleading deficiencies previously identified. It is unnecessary in this case to consider whether, under the facts present, the complaint may conceivably state a claim under

4

any possible RICO provision, as "[a] complaint . . . must contain either direct or inferential allegations respecting all the material elements to sustain a recovery under <u>some</u> viable legal theory. <u>Lewis v. ACB Bus. Servs., Inc.</u>, 135 F.3d 389, 406 (6th Cir. 1998) (citation omitted).

       Therefore, the Court DISMISSES the complaint, insofar as it attempts to invoke this Court's jurisdiction under 28 U.S.C. § 1332 or to assert a claim under 42 U.S.C. § 1983 or the FTCA, pursuant to Fed. R. Civ. P. 12(b)(1) & (h)(3), for lack of subject-matter jurisdiction. The RICO claim is dismissed, pursuant to Fed. R. Civ. P. 12(b)(6), for failure to state a claim on which relief may be granted. The remainder of the complaint is DISMISSED without prejudice, pursuant to Fed. R. Civ. P. 8(a) and 10(b).

       The Court must also consider whether Plaintiff should be allowed to appeal this decision <u>in forma pauperis</u>, should he seek to do so. Pursuant to the Federal Rules of Appellate Procedure, a non-prisoner desiring to proceed on appeal <u>in forma pauperis</u> must obtain pauper status under Fed. R. App. P. 24(a). <u>See</u> <u>Callihan v. Schneider</u>, 178 F.3d 800, 803-04 (6th Cir. 1999). Rule 24(a)(3) provides that, if a party has been permitted to proceed <u>in forma pauperis</u> in the district court, he may also proceed on appeal <u>in forma pauperis</u> without further authorization unless the district court "certifies that the appeal is not taken in good faith or finds that the party is not otherwise entitled to proceed in forma pauperis." If the district court denies pauper status, the party may file a motion to proceed <u>in forma pauperis</u> in the Court of Appeals. Fed. R. App. P. 24(a)(4)-(5).

The good faith standard is an objective one. Coppedge v. United States, 369 U.S. 438, 445 (1962). An appeal is not taken in good faith if the issue presented is frivolous. Id. It would be inconsistent for a district court to determine that a complaint does not warrant service on the defendants, yet has sufficient merit to support an appeal in forma pauperis. See Williams v. Kullman, 722 F.2d 1048, 1050 n.1 (2d Cir. 1983). The same considerations that lead the Court to dismiss the complaint also compel the conclusion that an appeal would not be taken in good faith.

It is therefore CERTIFIED, pursuant to Fed. R. App. P. 24(a), that any appeal in this matter by Plaintiffs is not taken in good faith. Leave to proceed on appeal in forma pauperis is, therefore, DENIED. If Plaintiff files a notice of appeal, he must pay the $455 appellate filing fee in full or file a motion to proceed in forma pauperis in the United States Court of Appeals for the Sixth Circuit within thirty (30) days.

IT IS SO ORDERED this 21st day of August, 2007.

s/ J. DANIEL BREEN
UNITED STATES DISTRICT JUDGE